**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CURTIS HAWKINS,<br><br>          Petitioner,<br><br>    v.<br><br>ROBERT J. HERNANDEZ, Warden,<br><br>          Respondent. | No. CV 10-3171-CAS (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On April 27, 2010, Petitioner Curtis Hawkins, proceeding pro se, filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in this Court.

**I.**

**PROCEDURAL HISTORY**

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in two prior federal habeas corpus actions brought by Petitioner in the Central District of California: *Curtis C. Hawkins v. Roe*, CV 01-10103-RT (CT) ("*Hawkins I*") and *Curtis Cameron Hawkins v. Yarborough*, CV 03-2559-RT (CT) ("*Hawkins II*").

Petitioner was convicted by a jury of possession of a controlled substance. The court found true that Petitioner had four prior felony convictions requiring sentencing under California's Three Strikes Law, and that Petitioner had five felony convictions for

which he served separate prison terms.  On July 14, 1999, Petitioner was sentenced to an aggregate term of fifty years to life.  (Petition at 2); *see Hawkins II*, Report & Recommendation at 2, Dkt. No. 38.  On July 17, 2000, the California Court of Appeal affirmed the judgment.  (Petition at 2-3.)  On September 20, 2000, the California Supreme Court denied the petition for review.  (*Id.* at 3); *People v. Hawkins*, 2000 Cal. LEXIS 7428 (2000) (Case No. S090800).

The federal habeas petition in *Hawkins I* was dismissed without prejudice. *Hawkins I*, Report & Recommendation (Dkt. No. 21), Order Accepting and Adopting the Report & Recommendation of the United States Magistrate Judge and Dismissing the Petition for Writ of Habeas Corpus (Dkt. No. 23), and Judgment (Dkt. No. 24).

In *Hawkins II*, Petitioner filed a petition for writ of habeas corpus by a person in state custody on April 1, 2003.  The petition asserted essentially seven grounds: (1) ineffective assistance of counsel based on failure to interview witnesses and prepare a defense, (2) ineffective assistance of counsel based on counsel's argument at a motion to suppress evidence; (3) ineffective assistance of counsel based on failure to file a motion to suppress evidence challenging the validity of a search warrant; (4) entitlement to benefit under Proposition 36; (5) denial of right to reliable and individualized sentencing hearing; (5) unconstitutionality of Three Strikes Law and (7) cruel and unusual punishment.  *Hawkins II*, Report & Recommendation at 5-6, Dkt. No. 38.  On December 29, 2003, the District Court issued an Order and Judgment dismissing with prejudice Grounds 1-4 and denying Grounds 5-7 on the merits.  (Dkt. Nos. 40-41.)  On January 23, 2004, Petitioner filed a notice of appeal.  (Dkt. No. 42.)  On January 27, 2004, the District Court denied Petitioner's request for a certificate of appealability. (Dkt. No. 44.)  On May 3, 2004, the Ninth Circuit denied Petitioner's request for a certificate of appealability.  (Dkt. No. 48.)

The current Petition challenges the same conviction and sentence on five grounds: (1) Petitioner did not have sufficient ability to consult with counsel due to mental illness; (2) California interfered with Petitioner's ability to access the courts and

intentionally destroyed evidence favorable to Petitioner's sentencing, appeal and application for writ of habeas corpus (*i.e.*, plea agreements and colloquy in Petitioner's prior robbery offenses); (3) excessive sentence based on multiple punishments for prior offenses; (4) sentence in excess of state court's jurisdiction in violation of due process; and (5) ineffective assistance of counsel at sentencing.  (Petition at 2, 5-6(i).)

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Hawkins II*. (Petition at 2, 5-6.)  The petition in *Hawkins II* was dismissed with prejudice and denied on the merits.  *See Beaty v. Schriro*, 554 F.3d 780 (9th Cir.), *cert. denied*, 130 S. Ct. 364 (2009).

It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive

petition.  This Court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3).  *See Burton*, 549 U.S. at 152.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Here, summary dismissal is warranted.

## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the habeas petition and action for lack of subject matter jurisdiction.

Date: 5/4/10

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented By:

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

4